## CIRCUIT COURT OF HANOVER COUNTY

John G. Puryear
and Jacqueline C. Puryear

v.

Town of Ashland
and Chick-Fil-A, Inc.

June 20, 2013

Case No. CL13000410-00

By Judge J. Overton Harris

Before the court are Defendants' pleas in bar and demurrers. The court heard argument on June 10, 2013, and took the matter under advisement. Following a thorough review of the pleadings and the law, the court finds as follows.

The issue is whether former owners of condemned property have a right to buy back or whether the condemnor of that property has a duty to offer to sell back the property to the former owners when the condemnor decides to sell the property rather than use it for its originally intended public use?

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Va. Code Ann. § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Id.*

Plaintiffs owned certain real property that was condemned by the Town of Ashland in 2002. The Town condemned the property for the purposes of constructing a portion of a public road and to construct a welcome center for the Town. Subsequently, the road was built and, then, in 2012, the Town sold the remaining portion, originally intended for a welcome center, to Chick-Fil-A, Inc., who now operates a restaurant on the property.

Plaintiffs agree, when the property was taken, the Town intended a public use for the property. Plaintiffs now seek to either have the property

transferred back to them or be awarded monetary damages because the Town decided to sell the land rather than retain it for a public use.

Plaintiffs argue the Town "had a duty under Virginia law to first offer for sale the Property to [them]" when the Town decided to sell the property. Pl.'s Compl. ¶ 17. In order to support that assertion, Defendants argue Plaintiffs must rely upon Virginia Code § 25.1-108. That code section prescribes when a condemnor must offer to sell condemned property back to the former owner. Defendants argue their demurrers should be sustained because the enactment clause of Va. Code § 25.1-108 clearly states "the provisions of this act shall apply only with respect to property acquired by a condemnor on or after July 1, 2005."

The court agrees with Defendants. The language is clear and unambiguous; because the property at issue was "acquired" by the condemnor in 2002, the statute does not supply a duty Plaintiffs can now rely on to support their claim.

Plaintiffs also argued this case is still controlled by the statute because the Town's intention to use the property for a public use was abandoned after the 2005 enactment. If the legislature had wanted to give such a right to condemnees, it would have expressed that in the statute's language. Thus, the court finds the statute does not afford Plaintiffs the relief sought.

Lastly, Plaintiffs ask the court to find there was a common law duty similar to that which is codified in § 25.1-108. The Supreme Court of Virginia has previously stated: "The general rule is that, when land has been acquired for public use in fee simple by the exercise of the power of eminent domain, the former owners retain no rights in the land." *School Board of Roanoke City v. Buford*, 140 Va. 173, 182, 124 S.E. 286, 288 (1924). The court finds any rights retained by a former owner of condemned land must be expressly granted by statute; to find otherwise would figuratively eviscerate a key purpose in condemnation. *See, Blondell v. Guntner*, 118 Va. 11, 14, 86 S.E. 897, 897-98 (1915) (finding property condemned by railroad company did revert to original owner when conditions of section 1079 of Virginia Code of 1887 had been fulfilled, but stating the general rule is "the interest condemned shall be a fee simple").

The court declines to find there existed a common law duty similar to that codified by § 25.1-108.

For the reasons articulated in this letter opinion, the Defendants' demurrers are sustained, the remaining pleas in bar are thus moot, and this matter is dismissed with prejudice.